IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. MORENO, | No. C 06-0759 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| JAMES A. YATES, Warden, | |
| Respondent. | |

Petitioner, a California prisoner currently incarcerated at Pleasant Valley State Prison, has filed an amended pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The Court, upon motion by respondent, previously dismissed petitioner's original petition on the basis that petitioner had not exhausted his claim that respondent's appellate counsel committed misconduct. Petitioner's amended petition omits this unexhausted claim.

**STATEMENT**

A jury convicted petitioner of assault with a deadly weapon. With sentencing enhancements, he was sentenced to a three-strikes sentence of twenty-five years to life, plus a consecutive sentence of thirteen years. His conviction was affirmed on direct appeal by the California Court of Appeal, and the California Supreme Court denied review. Petitioner also filed state habeas petitions.

**DISCUSSION**

*A. Standard of Review*

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

*B. Legal Claims*

As grounds for federal habeas relief, petitioner asserts that: (1) his confrontation and due process rights were violated when the victim's hearsay evidence was admitted; (2) his confrontation and due process rights were violated when Vallerie Vallejo's hearsay evidence was admitted; (3) his confrontation and due process rights were violated by admission of evidence of Vallejo's reiteration of the victim's identification of petitioner; and (4) his right to present a defense was violated by exclusion of evidence of the victim's moral turpitude. These claims are sufficient to require a response.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state

1 trial record that have been transcribed previously and that are relevant to a determination of the
2 issues presented by the petition.

3 If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
4 court and serving it on respondent within thirty days of service of the answer.

5 3. Petitioner is reminded that all communications with the court must be served on
6 respondent by mailing a copy of the document to respondent's counsel. Papers intended to be
7 filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also
8 must keep the court informed of any change of address by filing a separate paper with the clerk
9 headed "Notice of Change of Address," and comply with any orders of the court within the time
10 allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this
11 action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez*
12 *v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

13 **IT IS SO ORDERED.**

15 Dated: December    8   , 2008

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

24 G:\PRO-SE\WHA\HC.06\MORENO759.OSC2.md